UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COURTNEY GREEN,

                Plaintiff,

-against-

ABC ENTERTAINMENT INC.,

                Defendant.

22-CV-0376 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. She asserts that Defendant ABC Entertainment Inc. (ABC) directed employees from its television shows to engage in "[b]ullying and abusive conduct" toward her. (ECF 2, at 5.) By order dated March 24, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (principle that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, who resides in Missouri, brings this action against ABC. She invokes this Court's diversity jurisdiction and asserts claims of "defamation of [c]haracter, invasion of privacy, mental abuse exploitation, misuse of social status and media platform." (ECF 2, at 6.) Plaintiff alleges that most of the events giving rise to her claims occurred from October 3 to December 6, 2021, on (1) Good Morning America (GMA), (2) KSPR 33, a Springfield, Missouri, radio station, and (3) Live with Kelly and Ryan. She seeks money damages.

The following is Plaintiff's description of the events giving rise to her claims:

> Employees of The defendant (ABC Entertainment LLC) acknowledged they could physically view me while live on air. During The shows (GMA, GMA3, KSPR 33, Live w Kelly and Ryan, Drew Barrymore, Kelly Clarkson etc) Employees of the Defendant (ABC Entertainment llc) Exhibited Bullying and abusive conduct directed towards and about my person. These remarks included comments about financial status, well being, living arrangements in a jokingly manner as well as other indications that there were tabs kept on or about me or the research or

>outsource of information. In some instances the employees of said defendant (ABC Entertainment LLC) on the show GMA observed me viewing the show and proceeded to disconnect/jam my viewing capabilities. In other instances on the Live w Kelly and Ryan show Employees of the Defendant (ABC Entertainment LLC) made blatant comments in attempts to discourage me from viewing the show. On local news channels I found that hints of information was also mixed in with news coverage to add insult to injury and to be of the stalking manner. Employees of the defendant (ABC Entertainment LLC) Were fully aware of there actions and still proceeded on a consistent basis. These actions not only occurred on the said dates but have been going on with GMA since back in 2020. I feel The defendant was fully aware of these said occurrences and neglected to address/resolve these discrepancies.

(*Id*. at 5-6.)[1]

## DISCUSSION

### A.     Plaintiff's complaint is frivolous

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that she has a plausible legal claim. Plaintiff conclusorily asserts that ABC directed its television shows to surveil and harass her in her home and discourage her from watching television. These allegations do not support a defamation, invasion of privacy, or unfair competition claim under New York law because they are largely irrational or wholly incredible, provide no facts suggesting that the television surveillance actions of which she complains are even possible and thus are not plausible. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and errors are in the original.

3

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations that ABC is victimizing her through its television shows cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Plaintiff is warned about the filing of vexatious or frivolous litigation**

Plaintiff is not a stranger to the federal courts. In a matter of days, she filed five lawsuits in this court, including this action, in which she makes the same or similar assertions – that television networks and shows are monitoring her activities, harassing her, and collecting her personal information through the television. *See Green v. Fox Corp.*, ECF 1:22-CV-0243, 2 (S.D.N.Y. filed Jan. 11, 2022) (pending); *Green v. NBC Universal Media LLC.*, ECF 1:22-CV-0239, 2 (S.D.N.Y. filed Jan. 11, 2022) (pending); *Green v. Viacom CBS*, ECF 1:22-CV-0238, 2 (S.D.N.Y. Mar. 14, 2022) (dismissed for Plaintiff's failure to resubmit the signature page of the complaint with an original signature; motion for reconsideration pending); *Green v. Kelly and Ryan Show*, ECF 1:22-CV-0237, 2 (S.D.N.Y. Mar. 14, 2022) (same). In the last few months, Plaintiff has also filed multiple lawsuits in other federal courts around the country. *See Green v. PayPal Inc.*, No. 22-CV-0088 (RGK) (D. Neb. Mar. 15, 2022) (billing dispute dismissed for lack of subject matter jurisdiction); *Green v. Scripps Corp. Headquarter/Scripps Ctr.*, No. 22-CV-0010 (SJD) (SKB) (S.D. Ohio Mar. 2, 2022) (complaint dismissed for failure to state a claim plausible on its face); *Green v. Scripps Corp. Headquarter/Scripps Ctr.*, No. 22-CV-0009 (TSB) (SKB) (S.D. Ohio filed Jan. 6, 2022) (report & recommendation issued recommending dismissal of complaint for failure to state a claim plausible on its face); *See Green v. Kansas City Pub.*

*Library*, No. 22-CV-0086 (FJG) (W.D. Mo. Feb. 28, 2022) (denied leave to proceed IFP); *Green v. Mid Continent Pub. Library*, No. 22-CV-0085 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Kansas City Pub. Library*, No 22-CV-0084 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Midwest Genealogy Ctr.,* No. 22-CV-0083 (FJG) (W.D. Mo. Feb. 28, 2022) (same); *Green v. Schweitzer Brentwood Branch Library*, No. 22-CV-3008 (FJG) (W.D. Mo. Feb. 4, 2022) (same); *Green v. Kansas City Pub. Library*, No. 21-CV-00943 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Mid Continent Pub. Library*, No. 21-CV-00942 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Kansas City Pub. Library*, No 21-CV-00933 (FJG) (W.D. Mo. Jan. 10, 2022) (same); *Green v. Midwest Genealogy Ctr.,* No. 21-CV-00932 (FJG) (W.D. Mo. Jan. 10, 2022) (same).

While Plaintiff appears to be new to the Southern District of New York, she is warned that the further filing of vexatious or frivolous litigation in which she fails to allege facts showing that she is entitled to relief may result in an order under 28 U.S.C. § 1651(a), barring her from filing new actions without prior permission in this court. This warning is necessary, in light of Plaintiff's numerous filings, to conserve this Court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for summonses and subpoenas (ECF Nos. 7-8, 10-11) are denied as moot.

Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge