UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY GREEN,

                        Plaintiff,

          -against-

ABC ENTERTAINMENT INC.,

                        Defendant.

22-CV-0376 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction and asserting that Defendant ABC Entertainment Inc. ("ABC") has used multiple television shows to surveil and harass her in her home, and collect her personal information. On April 4, 2022, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous. (ECF No. 18.) That same day, Plaintiff filed an unsigned motion seeking reconsideration of the Court's order of dismissal. (ECF No. 20.) The following day, Plaintiff filed a substantially similar unsigned motion seeking reconsideration of the Court's order of dismissal which contains the additional assertion that "[i]n order for the court to decree a claim frivolous, the Court is Obligated to first review, investigate and exhaust all methods of research regarding the matter." (ECF No. 21.)[1]

        The Court liberally construes Plaintiff's submissions as motions under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of*

---

[1] The Court quotes the motion verbatim. All capitalization, punctuation, and errors are in the original.

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff asserts that the Court's finding that her assertions are frivolous "undermin[es] [her] intelligence and state[es] that the time put into pursuing this filing and suffering that [she has] endured null in void." (ECF Nos. 20, 21.) She contends that she has provided "clear and accurate facts showing how information was obtained, how it was used and outlined the blatant humiliation, harassment, bullying, mental and verbal abuse [she has] endured." (*Id.*)

2

Plaintiff has failed to demonstrate in her motions that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. As the Court stated in the April 4, 2022, dismissal order, Plaintiff's assertions in the complaint are largely irrational or wholly incredible, provide no facts suggesting that the television surveillance actions of which she complains are even possible, and thus are not plausible. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)). Plaintiff's motions under Rule 59(e) and Local Civil Rule 6.3 are therefore denied.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court also finds that, even under a liberal interpretation of the motions, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motions for reconsideration are denied.

## CONCLUSION

The Court denies Plaintiff's motions for reconsideration (ECF Nos. 20, 21). All other pending matters in this case are terminated. All other requests are denied as moot.

The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 7, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge